UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHHATRALA GRAND RAPIDS, LLC,
a California Company,

       Plaintiff,

v.

EFFUSION CONSTRUCTION, LTD.,
a Colorado Company,

       Defendant.
_____/

File No: 1:11-cv-139

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendant's May 16, 2011, motion to set aside the default judgment entered against it on April 13, 2011. (Dkt. No. 16, Mot.; Dkt. No. 15, J.) The Court held a hearing on the motion on July 29, 2011, and for the reasons given herein, the motion will be granted.

**I. Background**

According to its Complaint, Plaintiff Chhatrala Grand Rapids, LLC, owns and operates the Crown Plaza Grand Rapids. (Dkt. No. 1, Compl. ¶ 4.) In July 2009, Plaintiff entered into a contract with Defendant Effusion Construction, Ltd. wherein Defendant agreed to accept $1.9 million to act as general contractor for a construction and renovation project at the hotel. (*Id.* at ¶ 5.) Plaintiff alleged that Defendant failed to perform its responsibilities in a timely and workmanlike manner, resulting in over $500,000 damages

to Plaintiff. (*Id.* at ¶¶ 6-7.) Plaintiff further alleged that Defendant received payments from Plaintiff which Defendant was supposed to use to pay contractors, laborers, and materialmen, but Defendant, breaching its fiduciary duty to Plaintiff, used those funds instead for its own benefit. (*Id.* at ¶¶ 9-10.)

On December 8, 2010, Defendant filed a claim of lien against the Crown Plaza in the amount of $893,600. (*Id.* at ¶ 12.) The Complaint stated that the lien is invalid and improper because Defendant has been paid all sums due it and is owed nothing, and that the lien was not timely filed. (*Id.* at ¶ 13.)

Plaintiff's Complaint was filed on February 7, 2011. (*Id.*) Four days later, in a motion requesting expedited consideration, Plaintiff moved this Court for alternate service of process. (Dkt. No. 3, Mot. for Alt. Serv.) In that motion, Plaintiff alleged that Defendant had failed to establish a resident agent or office in Michigan, (*Id.* at ¶ 9), and had failed to maintain its resident office in Colorado, (*Id.* at ¶ 14).[1] According to the motion, the registered office is now a vacant residence. (*Id.*) The Colorado Secretary of State identifies Defendant as "Delinquent" in its filings, but identifies the street address of Defendant's principal office.[2] (*Id.* at ¶ 11.) According to Plaintiff's motion, that address is, in fact, a UPS Mailbox Store. (*Id.* at 15.) Plaintiff also located two personal addresses associated with Defendant's registered agent, Michael Urness. (*Id.* at ¶ 17.) After investigation, the

---

[1] 3030 Asbury Avenue, Denver, Colorado

[2] #410 558 Castle Pines Parkway #B4, Castle Rock, Colorado

process server found one of those addresses to be vacant[3] and the other to be a home owned by the wife of one of Mr. Urness's former business partners.[4] (*Id.*) On that basis, Plaintiff alleged that it was "unable to accomplish service of the Summons and Complaint in the manner prescribed by law." (*Id.* at ¶ 7.) Accordingly, Plaintiff moved the Court to enter an order allowing alternate service of process. The motion requested alternate service by (1) mailing the Summons and Complaint to and posting them at Defendant's resident office in Colorado (the vacant residence) and (2) mailing them to the street address the Colorado Secretary of State had listed as Defendant's principal office (the UPS Mailbox Store). The Court granted the motion on February 14, 2011.

The summons was returned executed on February 16, 2011, and when Defendant failed to plead or otherwise defend, the Clerk entered its default – at Plaintiff's request – on March 9, 2011. (Dkt. No. 6, Appl. for Entry of Default; Dkt. No. 7, Default.) Plaintiff moved for default judgment on March 15, 2011, and the Court granted the default judgment after a hearing on April 13, 2011.

Now, Defendant has appeared and claims that Plaintiff knew how to find it all along; that "prior to this action being filed, the principal of Plaintiff had been engaged in active negotiations for over a month with an attorney representing Defendant." (Dkt. No. 17, Br. 1.) Defendant moves the Court to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b).

---

[3] 457 Detroit Street, Denver, Colorado

[4] 7878 Stonedale Drive, Castle Rock, Colorado

3

## II. Discussion

**A.)   Legal Standard**

Federal Rule of Civil Procedure 60 is the general rule allowing the Court to grant relief from a judgment or order.  "[O]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  Under Rule 60(b), "[f]raud and circumvention in obtaining a judgment are ordinarily sufficient grounds for vacating a judgment, particularly if the party was prevented from presenting the merits of his case." Wright, Miller and Kane, 11 Fed. Prac. & Proc. Civ. § 2860.  A motion under this rule must be made "within a reasonable time . . . [and] no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b).  "A party seeking relief from judgment on the basis of fraud must establish the existence of fraud by clear and convincing evidence." *Massi v. Walgreen Co.*, 337 F. App'x 542, 545 (6th Cir. 2009).

Although neither party notes it in their briefing, the Rule 60(b) standard is applied somewhat differently when the rule is used to set aside a default judgment than it is when used to set aside a merits judgment.[5]  "Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in [*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)], and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. American Home*

---

[5]The rule which provides for the relief sought by Defendant is, in fact, Rule 55(c), *Setting Aside a Default or a Default Judgment*.

*Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996); *see also United Coin*, 705 F.2d at 845 ("[T]he three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default.") The three *United Coin* factors to be considered are:

> 1    Whether the plaintiff will be prejudiced;
> 2.   Whether the defendant has a meritorious defense; and
> 3.   Whether culpable conduct of the defendant led to the default.

*United Coin*, 705 F.2d at 845. This standard is to be applied "'equitably and liberally . . . to achieve substantial justice.'" *Id.* at 844-45 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)). The liberal application reflects "the strong preference for trial on the merits in federal courts," *Marbly v. Dep't of the Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001), and the Sixth Circuit's acknowledgment that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," *United Coin*, 705 F.2d at 845.

The lenient application is reflected in each of the three factors. In considering whether the plaintiff is prejudiced, although setting aside default judgment will undoubtedly delay a plaintiff's recovery, "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). In considering whether the defendant has a meritorious defense, a court need only consider whether the defendant has "stated a defense good at law," not whether that defense is likely to succeed. *Id.* at 621-22 ("Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense. If he 'states a defense good at law, then a meritorious defense has

5

been advanced.'" (quoting *United Coin*, 705 F.2d at 845)). In considering whether culpable conduct by the defendant led to the default, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)).

**B.)** *United Coin* **Factors**

As neither party briefed the *United Coin* factors, their consideration is left exclusively to the Court, and the Court finds that each of the three factors favors setting aside the default judgment. There is no claim that Plaintiff will be prejudiced by reopening the judgment. Setting aside the judgment would result in reinstating Defendant's lien. If the judgment is set aside, and assuming that Plaintiff is entitled to relief, Plaintiff will be delayed in obtaining that relief. As noted above, delay alone is not sufficient to establish prejudice. *Berthelsen*, 907 F.2d at 621. Neither can Plaintiff claim to be prejudiced by the increased expense of being forced to litigate its case. Plaintiff is not entitled to an end-run around a trial on the merits.

With regard to the second factor, it appears that Defendant is prepared to put forth a meritorious defense. Defendant attached to its brief a complaint filed in California state

court which discusses the same facts at issue in this case.[6] (Br., Ex. D., Def.'s Compl.) In that complaint, Defendant alleges that it "fully performed all of its obligations under the Contract, except to the extent if any as excused by [Chhatrala Group, Inc.'s] breaches, statements or conduct, or otherwise by operation of law." (*Id.* at ¶ 14.) Defendant also alleges that it did not receive payments to which it is entitled under the relevant contract, (*id.* at ¶ 15), and that it is entitled to damages of at least $1,606,752.46, (*id.* at ¶ 18). If these statements are accurate, it appears that they would constitute a complete defense in this matter. That is sufficient to satisfy the meritorious defense factor. *See United Coin*, 705 F.2d at 845.

Finally, the Court does not find that Defendant's default was willful, and Plaintiff's arguments to the contrary are entirely unconvincing. Counsel in the California action, Ronny Sendukas, has represented that Plaintiff notified neither him nor Defendant of the present suit, and that had he been provided notice of it, he would have had Defendant immediately obtain counsel for the litigation.[7] (Dkt. No. 18, Ex. E, Aff. of Ronny Sendukas.) Plaintiff argues that Defendant must have been aware of the suit because none of the mailed Summons were returned by the U.S. Postal Service as "undeliverable." (Resp.

---

[6]In the California lawsuit, "Effusion Hospitality, Inc." is suing "Chhatrala Group, Inc." and others. In the present lawsuit, "Chhatrala Grand Rapids, LLC" is suing "Effusion Construction, Ltd." The facts addressed in the two lawsuits, however, appear to be the same.

[7]Although not notarized, attorneys are bound as officers of the Court to truthful representations, and it is the practice of this Court to accept such statements as factual unless there is contrary evidence.

6.) This may be evidence that the mailings were delivered to the correct addresses, but since Plaintiff knew these addresses to be a vacant apartment and a UPS Mailbox Store, it is hardly evidence that they were delivered to *Defendant*. Moreover, even if Defendant knew that Plaintiff had filed a complaint in this matter, as may be inferred by its mention in a March 11, 2011, filing in the California case, Plaintiff has introduced no evidence that Defendant knew that it had been served, that a motion for default judgment had been filed, or even that it was a named party in this case. (Resp., Ex. A.)

**C.)    Fraud under Rule 60(b)**

The above findings would be sufficient to set aside Defendant's default, but to set aside a default judgment, the Court must go a step further and find that one of the specific requirements of Rule 60(b) has been met. *Thompson*, 95 F.3d at 433. Here, that is a light burden. The Court finds that the requirements of Rule 60(b)(3) – that is, fraud, misrepresentation, or misconduct – have been met and that Defendant has met its burden of proving fraud by clear and convincing evidence.

Defendant does not argue that alternate service was inappropriate; it seems to acknowledge that it was not reachable where it was supposed to be – that is, at its resident office or at its principle place of business, as identified by the Colorado Secretary of State.[8]

---

[8] "'[It] has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.'" *Hayden v. Gokenbach*, 446 N.W.2d 332, 334 (Mich. Ct. App. 1989) (quoting *Mullane v Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317(1950)).

8

Neither does it argue that it was in compliance with the registration laws of the State of Michigan. Rather, it argues that Plaintiff committed fraud by not informing the Court that Plaintiff knew perfectly well how to contact Defendant – through Mr. Sendukas, with whom it had been negotiating for over a month. Indeed, three days before Plaintiff sued in this Court, Mr. Sendukas had sent Mr. Patel – the principal of Plaintiff – an email informing him that an action was being initiated in California regarding this precise matter. (Dkt. No. 17, Br., Ex. D.) The complaint was filed in California three days after the present suit was filed here. At the hearing on the present motion, the Court inquired and Plaintiff's counsel frankly admitted that he knew of the California action and that he nonetheless failed to inform the Court.

The Court granted substituted service, as permitted by Michigan Rule of Civil Procedure 2.105(I) by way of Federal Rule of Civil Procedure 4(e)(1).[9] Under the Michigan Rule, "[i]f the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it." Mich. R. Civ. P. 2.105(I)(2).

---

[9] Rule 4(e)(1), "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Rule of Civil Procedure 2.105 governs service of process in Michigan courts of general jurisdiction, and subrule (I) provides that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." There is a similar requirement for substituted service in Colorado, where service was to be made. *See* Colo. R. Civ. P. 4(f).

Plaintiff patently failed to meet the implied diligent inquiry requirement.[10] The buildings where Plaintiff suggested substitute service were abandoned or clearly not Defendant's, and it is otherwise quite clear from the Motion for Alternate Service that the present address of Defendant was unknown, thus triggering the diligent inquiry requirement. Under the circumstances, contacting counsel from the California action and asking him where Defendant could be served would have been appropriate. Plaintiff's failure to do so represented a lack of diligent inquiry, and Plaintiff's request for alternative service, with its implied representation of diligent inquiry, constituted fraud.

### III. Conclusion

For the forgoing reasons, Defendant's motion to set aside default judgment will be granted. For the same reasons, the default will also be set aside. Defendant will be granted 14 days to answer or otherwise respond to Plaintiff's complaint. An order consistent with this opinion shall be entered.

Dated: August 16, 2011                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE

---

[10] The rule does not explicitly require a diligent inquiry to ascertain the address; it only requires that the moving party "set forth facts showing" such inquiry. But candor before the tribunal requires that, before setting forth such facts, the moving party must have made such inquiry.